UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON PURISIMA,

                      Plaintiff,

           - against -

WE CARE (F.E.G.S.), et al.,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-12-13

MEMORANDUM
OPINION AND ORDER

11 Civ. 9159 (RJS) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff Anton Purisima ("Purisima") commenced this action on December 13, 2011, against Federation Employment Guidance Services, Inc. ("F.E.G.S.") and several individually named Defendants (collectively, "F.E.G.S. Defendants"). He asserts claims under federal law arising out of a denial of public benefits after F.E.G.S. allegedly falsely reported that he missed an appointment. Before the Court are two requests by Purisima: (1) a motion for default judgment against Defendants; and (2) a motion to transfer venue to the United States District Court for the Eastern District of New York ("E.D.N.Y."). For the reasons that follow, Purisima's requests are **DENIED** and **IT IS ORDERED** that the **DISCOVERY CUTOFF DATE IS JANUARY 24, 2014.**

## I. BACKGROUND

### A. Purisima v. F.E.G.S. Defendants

Purisima filed a Complaint against F.E.G.S. Defendants in 2011. (Doc. No. 2.) F.E.G.S. Defendants Answered on February 21, 2012. (Doc. No. 10.) On March 8, 2012, Purisima served F.E.G.S. Defendants with an Amended Complaint. (Doc. No. 14.) In his Amended Complaint, Purisima indicated his intention to serve a Second Amended Complaint. On March 22, 2013, F.E.G.S. Defendants requested an adjournment of the Court's Initial Conference,

which the Court granted. (*See* Doc. No. 19.) On March 23, 2012, F.E.G.S. Defendants filed an Amended Answer. (Doc. No. 17.) Thereafter, neither Party communicated with the Court. On October 10, 2013, the Court ordered Purisima to show cause why his case should not be dismissed for failure to prosecute. (Doc. No. 27.) Purisima responded on October 27, 2013, requesting that the Court: (1) find the F.E.G.S. Defendants in default; and (2) transfer venue to the E.D.N.Y., where Purisima has a case pending before the Honorable Nicholas G. Garaufis and the Honorable Lois Bloom. (*See* Doc. No. 28.) Plaintiff additionally indicated that he sent Rule 26(a)(1) discovery requests to F.E.G.S. Defendants' counsel. In a November 15, 2013 letter to the Court, Defendants' counsel opposed both requests, and stated that he has not received any Rule 26 disclosure documents or discovery requests from Purisima. (*See* Doc. No. 29.)

### B. Purisima v. Tiffany Entertainment

More than two years prior to filing the present action, Purisima filed suit against Tiffany Entertainment in this District. *See Purisma v. Tiffany Entertainment et al.*, Case No. 09 Civ. 6640 (LAK). Purisima alleged that Tiffany Entertainment illegally denied him accommodation by failing to recognize a bus ticket for which he had paid in full. On July 27, 2009, the Honorable Loretta A. Preska transferred the action to the E.D.N.Y. pursuant to 28 U.S.C. §§ 1391(b) and 1406(a) because "a substantial part of the events or omissions giving rise to this claim allegedly occurred in the Eastern District of N.Y." *Id.* The case is still pending in the E.D.N.Y. Purisima now argues that his case against F.E.G.S. Defendants is "related to case # 09-cv-3502 (NGG) (LB)" because "Defendants . . . instigated by the agents of Defendants in the alleged related case to conduct these illegal acts . . . ." (Doc. No. 28.) Purisima adds that "Defendants in both of these cases . . . were and are responsible to all these damages alleged herein. . . ." (*Id.*) In their November 15, 2013 letter, Defendants assert: "There is absolutely no

relationship between Tiffany Entertainment, an interstate bus company, and the instant Defendants, a not-for-profit social service agency and its representatives." (Doc. No. 29.)

## II. DISCUSSION

### A. Motion for Default Judgment

In a letter dated October 27, 2013, Purisima asserts that Defendants were served with a summons and Amended Complaint, but "never responded." (Doc. No. 28.) The record indicates, however, that Defendants filed an Amended Answer to Purisima's Amended Complaint on March 23, 2012, more than eighteen months ago. (*See* Doc. No. 17.) Plaintiff's request for a default judgment therefore has no factual basis and is **DENIED**.

### B. Motion to Transfer Venue

Purisima additionally asks the Court to transfer his case to the Eastern District of New York, where his other case, *Purisima v. Tiffany Entertainment, et al.*, is pending. Section 1404(a) of Title 28 of the United States Code provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party seeking transfer maintains the burden of making a "clear-cut showing that it is warranted and, generally speaking, unless the balance of convenience weighs clearly in favor of the defendant, the plaintiff's choice of forum should not be disturbed." *Nieves v. American Airlines*, 700 F. Supp. 769, 771-72 (S.D.N.Y. 1988). Plaintiff chose to file his action against Defendants in this District. It is not clear to the Court how Purisima's case against F.E.G.S. regarding his denial of public benefits is related to his case against Tiffany Entertainment. Purisima has failed to make a clear-cut showing the transfer is warranted. His request is **DENIED**.

## II. CONCLUSION

For the reasons set forth above, Purisima's requests are **DENIED**.

**IT IS FURTHER ORDERED** that the **CUTOFF FOR DISCOVERY IS JANUARY 24, 2014**. As Defendants' counsel indicated that he has not received any Rule 26 disclosure document or discovery requests from Purisima, Purisima is ordered to serve all discovery requests on Defendants' counsel immediately, and Defendants shall file a response to such requests within twenty-one days of receipt of such discovery requests.

**SO ORDERED this 12th day of December 2013**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge

A copy of this Order was mailed to:

Anton Purisima
390 9th Ave.
New York, NY 10001

4