UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON PURISIMA,

                              Plaintiff,

           - against -

WE CARE (F.E.G.S.), et al.,

                            Defendants.

REPORT & RECOMMENDATION
11 Civ. 9159 (RJS) (RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-29-14

To the HONORABLE RICHARD J. SULLIVAN, United States District Judge:

## I. INTRODUCTION

On December 13, 2011, pro se Plaintiff Anton Purisima ("Purisima") commenced this action pursuant to Title VI of the Civil Rights Act of 1964 against Federation Employment Guidance Services, Inc. ("F.E.G.S.") and several individuals (collectively, "Defendants"). Purisima alleges that Defendants denied him a Tagalog interpreter and falsely reported that he missed an appointment, resulting in New York State denying him public benefits. For the reasons stated below, the Court recommends that the case be **DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

Purisima filed an Amended Complaint on March 8, 2012 (Doc. No. 14), and Defendants filed an Amended Answer on March 23, 2012. (Doc. No. 17.) After filing the Amended Complaint, Purisima did not communicate with the Court for several months. On October 10, 2013, the Court ordered Purisima to show cause why his case should not be dismissed for failure to prosecute. (Doc. No. 27.) Purisima responded on October 27, 2013, requesting that the Court find the F.E.G.S. Defendants in default and transfer venue to the E.D.N.Y. (*See* Doc. No. 28.)

The Court denied his requests for the reasons stated in its December 12, 2013 Memorandum Opinion & Order, and directed that discovery be completed by January 24, 2014.

On January 27, 2014, Purisima requested, and the Court granted, an extension of the discovery cutoff date to March 31, 2014. (Doc. No. 33.) The Court indicated that no further extensions would be granted. (*Id.*) On March 31, 2014, Purisima requested permission to file an Amended Complaint and for a second extension of the discovery deadline. (*See* Doc. No. 35.) On April 11, 2014, the Court denied Purisima's request to file an Amended Complaint and ordered Purisima to submit a letter to the Court by May 1, 2014, indicating what discovery he intended to conduct, and why it was relevant to his claim. (*See* Doc. No. 38.) The Court stated that Purisima's failure to comply with the order might result in the case being dismissed for failure to prosecute. (*Id.*) Chambers mailed the April 11 Order to Purisima's last known address on April 15, 2014, by United States mail. On May 20, 2014, the letter was returned as unclaimed. Purisima has not communicated with Chambers since the March 31 request.

### III.   DISCUSSION

The district court has discretion to dismiss cases for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (*citing Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)). "A District Court may, *sua sponte,* dismiss an action for lack of prosecution." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). The Second Circuit, however, has added a caveat to this discretionary power, cautioning that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (*citing Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). Dismissal should be determined in "light of the whole record." *Lucas*, 84 F.3d at 535. The Second Circuit

has further advised district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Id.* (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Accordingly, the Second Circuit has established the following factors to be considered in determining whether a *pro se* litigant's case should be dismissed for lack of prosecution under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535 (citing *Jackson v. City of N.Y.*, 22 F.3d 71, 74-76 (2d Cir. 1994) and *Alvarez*, 839 F.2d at 932).

In the present case, Purisima has not communicated with the Court since March 31, 2014. The Order mailed to his last known address was returned, and the Court has no other address for Purisima. Prior to is April 11 Order, the Court had warned Purisima that his failure to actively litigate his case would result in its dismissal. Further delay of the proceedings would prejudice Defendants, and would unnecessarily impact on the Court's docket. The Court finds that dismissal without prejudice under 41(b) is warranted.

## IV.   CONCLUSION

Because Purisima has failed to pursue his claim, and because he failed to comply with the Court's orders despite warning of dismissal, I recommend that the above-entitled action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the Chambers of the Honorable Richard J. Sullivan, 40 Foley Square, Room 2104, and to the Chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: May 29, 2014**
**New York, New York**

**MAILED BY CHAMBERS**

**Respectfully Submitted,**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**