UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12.29.14

ANTON PURISIMA,

                     Plaintiff,

-v-

WE CARE (F.E.G.S.), *et al.*,

                     Defendants.

No. 11-cv-9159 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On December 13, 2011, Plaintiff, proceeding *pro se*, commenced this action pursuant to Title VI of the Civil Rights Act of 1964 against Federation Employment Guidance Services, Inc. and several individuals (collectively, "Defendants"). (Doc. No. 2.) On February 22, 2012, the Court referred this matter to the Honorable Ronald L. Ellis, Magistrate Judge, for a Report and Recommendation. (Doc. No. 12.) Plaintiff subsequently filed his Amended Complaint on March 8, 2012 (Doc. No. 14) and Defendants filed their Amended Answer on March 23, 2012 (Doc. No. 17).

    On May 29, 2014, Judge Ellis issued a Report and Recommendation (the "Report" or "Rep.") recommending that this action be dismissed without prejudice for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 39.) Pursuant to Rule 72, and as stated in Judge Ellis's Report, the parties had fourteen (14) days after being served with a copy of the Report to file written objections. Failure to file timely objections typically constitutes a waiver of those objections both in this Court and on later appeal to the United States Court of Appeals. On June 13, 2014, the Court received a letter from Plaintiff making a timely request for an extension to file written objections because he did not receive the

Report until that date. On September 16, 2014, the Court granted Plaintiff's request and extended the parties' deadline to file written objections to October 7, 2014. On October 7, 2014, Defendants filed their objections (the "Objections" or "Obj.") to the Report. Notwithstanding this extension, Plaintiff has not filed any objections to the Report and has not filed any opposition to Defendants' Objections.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). If a party properly objects to a finding in the Report, the Court reviews the finding de novo. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Properly raised objections must be "clearly aimed at particular findings" in the Report. *Harden v. LaClaire*, No. 07-CV-4592 (LTS), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Therefore, objections may not be "conclusory or general" and may not simply rehash or reiterate the original briefs to the magistrate judge. *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

Absent proper objections, the Court accepts all parts of the Report that are not clearly erroneous. *See Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013). Thus, the Court reviews a party's *improper* objections, including those that seek a "second bite at the apple" by "attempt[ing] to relitigate the entire content" of the arguments made before the magistrate judge, only for clear error. *Thomas*, 674 F. Supp. 2d at 511. In clear error review, the Court should reverse a finding only if it is "left with the definite and firm conviction that a mistake has been committed," and not merely if it "would have decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted).

Judge Ellis concluded that the present action should be dismissed for failure to prosecute under Rule 41(b) because Plaintiff repeatedly failed to communicate with the Court for months at a time, repeatedly failed to meet filing deadlines, and repeatedly failed to utilize adjournments to conduct discovery. (Rep. at 3.) Notably, Judge Ellis also warned Plaintiff that failure to comply with his April 11, 2014 Order might result in the case being dismissed under Rule 41(b). (Doc. No. 38.) Plaintiff did not comply with the April 11, 2014 Order. Defendants in their Objection agree with Judge Ellis's conclusion, but object to his recommendation that the case be dismissed without prejudice. They request that the action be dismissed with prejudice given Plaintiff's dilatory, erratic, and non-compliant conduct. (Obj. at 1.)

The Court finds no clear error in Judge Ellis's well-reasoned recommendation that the case be dismissed for failure to prosecute under Rule 41(b), and would reach the same conclusion even under de novo review. The fact that Plaintiff is pro se, combined with the minimal prejudice that Defendants have suffered as a result of Plaintiff's delays (by Defendants' own admission "Plaintiff has not engaged in any discovery" (Obj. at 1)), persuades the Court that a Rule 41(b) dismissal is a sufficiently harsh remedy for Plaintiff's conduct. Accordingly, IT IS HEREBY ORDERED THAT the Court adopts the Report in its entirety and dismisses this action pursuant to Rule 41(b) without prejudice. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:     December 29, 2014
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

<u>A copy of this Order was mailed to</u>:

Anton Purisima
390 9th Avenue
New York, NY 10001